Wilcox & Company *vs.* Strong.

D. H. WILCOX & COMPANY, plaintiffs in error, *vs.* CHARLES STRONG, defendant in error.

When an action was instituted by the plaintiffs against the defendant, to recover the value of sundry bags of Phœnix Guano, and the defendant plead that the guano was not a merchantable article, and not reasonably suited to the use for which it was purchased and worthless as a fertilizer, and the jury, on the trial of the case, found a verdict for the defendant: *Held,* that this Court will not control the discretion of the Court below in refusing to grant a new trial, when there is sufficient evidence in the record to sustain the verdict, and no rule of law violated in allowing the evidence to go to the jury, or in the charge of the Court.

New Trial.     Before Judge GREEN.     Newton Superior Court.     March Term, 1869.

D. H. Wilcox & COMPANY sued Strong for the price of sundry bags of Phœnix Guano sold him in 1866.   He pleaded the general issue, and that plaintiffs represented the guano as a good fertilizer, when in fact it was worthless.  There was at the trial no controversy as to the delivery, or price ; plaintiffs showed by a witness that it was genuine Phœnix Guano, that it was a good fertilizer, that plaintiffs had sold it since 1861, and that it gave general satisfaction, and said it sometimes failed because of improper use, or drought, and that 1866 was a dry year.

For the defendant, one witness said he used such as a manure in 1860 and it was worthless.   Another said he bought some of plaintiffs, in 1866, it was impure, had brick dust, etc., in it, and was worthless.   Another said he bought some *said* to be from plaintiffs, and it was worthless.   STRONG testified how he used it and that it was worthless.   Two of his neighbors said it did Strong's crop no good, and one of them said his unmanured land, separated only by a fence from Strong's, where this article was used, bore as good a crop as Strong's did.

This comparison of crops and the evidence of use of such manures in 1860, were objected to, but allowed by the Court. And these witnesses told how Strong used the article, the quality of his land, the nature of the seasons, etc.

In rebuttal, plaintiff proved what they had represented as to said article, examined over a dozen witnesses, who had, in different counties, used the article, bought of them in 1866, and found it a good manure, and one who said he thought it did good on Strong's land. The jury found for the defendant. The plaintiff's attorneys moved for a new trial, upon the ground that the Court erred in allowing the evidence objected to above, and because the verdict was strongly and decidedly against the weight of the evidence. The Court refused a new trial, and that is assigned as error.

A. B. SIMMS, J. J. FLOYD, for plaintiffs in error.

CLARK & PACE, for defendant.

WARNER, J.

This Court has repeatedly ruled, that it will not control the discretion of the Court below, in refusing to grant a new trial, when there is sufficient evidence in the record to sustain the verdict, and no rule of law is violated, in allowing the evidence to go to the jury, or in the charge of the Court. There is sufficient evidence in this record to sustain the verdict which the jury have found.

Let the judgment of the Court below be affirmed.